

FILED

04/12/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0161

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0161

CODY LARSON,

Petitioner,

v.

JIM SALMONSEN, Warden,
MONTANA STATE PRISON,

Respondent.

FILED

APR 1 2 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Cody Larson petitions this Court for habeas corpus relief, indicating that his sentence is illegal because he was sentenced to the Department of Corrections (DOC) for more than five years with none of it suspended. He requests his immediate release. Larson is incarcerated in the Montana State Prison.

Larson provides one paragraph in his Petition and no supporting documents. He states:

> The prison record department is not responding/cooperating with requests for supporting documents in Cause No. BDC-10-470A, which supports my claim in illegal incarceration/sentencing. It's been over 30 days in which these requests were made.

We point out that the MSP Record Department does not give copies of sentencing judgments to offenders. An inmate must request a copy from the sentencing court. The MSP Record Department may give a copy of a sentence calculation upon proper request from an inmate.

Available electronic records indicate that in October 2011, the Eighth Judicial District Court sentenced Larson to the DOC for fifteen years, all suspended, for felony sexual intercourse without consent. The District Court awarded 308 days of credit for time served. In 2014, Larson violated his probationary terms of his suspended sentence. The District Court re-imposed his fifteen-year sentence to the DOC, with all time suspended,

and awarded 347 days of jail time credit. In February 2015, the District Court held a second evidentiary and dispositional hearing on Larson's violations. The court accepted Larson's true answers to violations of three conditions, and the court sentenced him to the DOC for a fifteen-year term. The court awarded 442 days of credit for time served.

Larson has not demonstrated an illegal sentence. Section 46-22-101(1), MCA. Pursuant to § 45-5-503(2), MCA, a court may sentence an offender to prison for term of twenty years for felony sexual intercourse without consent. The District Court has statutory authority, upon revocation of the original sentence, to impose any sentence that is not longer than the originally imposed sentence. Section 46-18-203(7)(a)(iii), MCA. His original fifteen-year sentence was entirely suspended. Following two reports of violations, however, the court twice revoked his suspended sentence, imposing a sentence that was not any longer.

Larson cannot challenge his sentence upon revocation through the remedy of a writ of habeas corpus. Section 46-22-101(2), MCA. Larson is not entitled to release or habeas corpus relief here. Therefore,

IT IS ORDERED that Larson's Petition for Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Cody Larson personally.

DATED this _____ day of April, 2022.

_____
Chief Justice

_____

_____

2

_____

_____
Justices

3